JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTriallaw.com*

Attorneys for Plaintiff
Glynis Collins

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GLYNIS COLLINS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRULINE CORPORATION, a Nevada corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)  TORTIOUS DISCHARGE;**<br><br>**(2)  DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(3)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br><br>**(4)  FMLA INTERFERENCE.**<br><br>**DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Glynis Collins ("Plaintiff" or "") alleges as follows:

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 CFR § 825.220 and 42 U.S.C. § 12112 *et seq.*

3.     The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

5.     Ms. Collins began working for Truline Corporation as a CDL truck driver in August 2023. At all relevant times, Truline was aware that Ms. Collins's daughter suffered from disabilities requiring continuous medical management and caretaking. Early in 2025, Ms. Collins reported serious safety violations to Truline management and refused to operate an unsafe vehicle. In or around May 2025, Ms. Collins formally requested accommodation to care for her disabled daughter, which Truline failed to provide. On or about August 18, 2025 — the day after her daughter's life-threatening medical emergency — Truline terminated Ms. Collins's employment on a false and pretextual basis. In reality, Truline wrongfully terminated Ms. Collins in discrimination based on her association with a disabled person, and in retaliation for her protected activity, including her request for FMLA accommodation and her refusal to perform unsafe work.

## PARTIES

6.     Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7.     Defendant Truline Corporation is a Nevada corporation that conducts business in Clark County.

## FACTUAL ALLEGATIONS

8.     On or about August 8, 2023, Ms. Collins began working as a CDL truck driver for

-2-

Truline Corporation.

9. At all relevant times, Ms. Collins's daughter suffered from disabilities requiring continuous medical management and daily caretaking, of which Truline was aware from the outset of her employment.

10. On or about February 2025, Ms. Collins reported serious safety violations to Truline management and refused to operate an unsafe vehicle, for which she was sent home without pay.

11. In or around May 2025, Ms. Collins formally requested accommodation from Truline's Human Resources department to care for her disabled daughter.

12. On or about August 17, 2025, Ms. Collins's daughter was hospitalized following a life-threatening medical emergency. The following day, August 18, 2025, Truline terminated Ms. Collins's employment on a false and pretextual basis.

13. In reality, Truline wrongfully terminated Ms. Collins in discrimination based on her association with a disabled person, and in retaliation for her protected activity, including her request for FMLA accommodation and her refusal to perform unsafe work.

14. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Collins is a woman who is associated with a person with a disability — specifically, her daughter, who suffers from disabilities requiring continuous medical management and caretaking. Ms. Collins's protected activities include requesting intermittent FMLA leave to care for her daughter and refusing to perform unsafe work.

15. On March 23, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 24, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

16. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

17. *Reckless Indifference and Conscious Disregard*: Defendant Truline Corporation knew of the probable economic harm and emotional distress that would ensue as a result of the

-3-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

wrongful conduct perpetrated. Yet Defendant Truline Corporation willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

18.    *Malice*: The conduct of Defendant Truline Corporation was committed with malice, including that (a) Defendant Truline Corporation acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Truline Corporation was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Truline Corporation against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

20.    *Fraud:* In addition, and/or alternatively, the conduct of Defendant Truline Corporation, as alleged, was fraudulent, including that Defendant Truline Corporation asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

21.    Further, Defendant Truline Corporation is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Truline Corporation had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

### FIRST CLAIM FOR RELIEF

**Tortious Discharge**

**(Plaintiff Glynis Collins against Defendant Truline Corporation)**

22.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

-4-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

23.    Plaintiff was employed by Defendant Truline Corporation.

24.    Plaintiff, acting in good faith, refused to work under conditions unreasonably dangerous to her.

25.    Defendant Truline Corporation had actual or constructive knowledge of Plaintiff's actions.

26.    The decision of Defendant Truline Corporation to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

27.    Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

28.    The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

### SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Glynis Collins against Defendant Truline Corporation)**

29.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

30.    Plaintiff was employed by Defendant Truline Corporation, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

31.    The acts and omissions of Defendant Truline Corporation, as more fully set forth

-5-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

herein, constituted discrimination within the meaning of N.R.S. § 613.330.

32.    Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

33.    Plaintiff charges that Defendant Truline Corporation discriminated against the Plaintiff based on her protected status or statuses.

34.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

35.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

36.    The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Glynis Collins against Defendant Truline Corporation)**

37.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

38.    Plaintiff is a member of the class of persons protected by the Americans with Disabilities Act, which prohibits discrimination against a qualified individual because of that individual's known association with a person who has a disability.

-6-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

39.   Defendant Truline Corporation, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals on the basis of their association with a person with a disability as set forth in 42 U.S.C. § 12112(a).

40.   Plaintiff's daughter has a physical or mental impairment that substantially limits one or more major life activities and constitutes a disability as defined by 42 U.S.C. § 12102(1).

41.   Defendant Truline Corporation knew of Plaintiff's association with her daughter, including her daughter's disability.

42.   Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

43.   Defendant Truline Corporation took adverse employment actions against Plaintiff because of her known association with her daughter, a person with a disability, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

44.   The discriminatory acts of Defendant Truline Corporation constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against a qualified individual because of that individual's known association with a person who has a disability. 42 U.S.C. § 12112(b)(4).

45.   The discriminatory acts of Defendant Truline Corporation have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

46.   The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

47.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FOURTH CLAIM FOR RELIEF

**Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)**

**(Plaintiff Glynis Collins against Defendant Truline Corporation)**

48.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

49.    Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

50.    Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

51.    Under the FMLA, employers, such as Defendant Truline Corporation, are barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

52.    Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

53.    As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Defendant Truline Corporation engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

54.    The conduct of Defendant Truline Corporation constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

55.    The acts of Defendant Truline Corporation alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused

-8-

Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

56.    The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

57.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

58.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2. Liquidated damages;

3. Emotional distress damages;

4. Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5. For an award of reasonable attorneys' fees and costs incurred in this action;

6. For pre-judgment and post-judgment interest, as provided by law; and

7. For other and further relief as the Court may deem just and proper.

DATED: March 25, 2026                    GREENBERG GROSS LLP


By:  */s/ Jemma E. Dunn*
                        Jemma E. Dunn
                        Matthew T. Hale
                        John M. Orr

                        Attorneys for Plaintiff
                        Glynis Collins

-10-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Glynis Collins hereby demands a jury trial.


DATED: March 25, 2026                    GREENBERG GROSS LLP



                                    By:    */s/ Jemma E. Dunn*
                                           Jemma E. Dunn
                                           Matthew T. Hale
                                           John M. Orr

                                           Attorneys for Plaintiff
                                           Glynis Collins

-11-